UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATHAN ROWAN, individually, and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>BROCK PIERCE, an individual,<br><br>          Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Nathan Rowan ("Plaintiff Rowan" or "Rowan") brings this Class Action Complaint and Demand for Jury Trial against Defendant Brock Pierce ("Defendant Brock Pierce" or "Brock Pierce") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded calls to consumers' phone numbers without first obtaining their prior express consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Rowan, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Nathan Rowan is a resident of East Rochester, New York.

2. Defendant Brock Pierce is a resident of San Juan, Puerto Rico.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since the Defendant resides in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Brock Pierce was a 2020 candidate for President of the United States.[3]

15. Pierce was running as an Independent.[4]

16. In order to promote himself for the election, Brock Pierce placed pre-recorded calls to consumers' phone numbers without first obtaining their prior express consent.

17. The pre-recorded messages were recorded by Brock Pierce with his voice and specially recorded for different consumers in different states.

18. Brock Pierce identified himself by name in the pre-recorded messages.

19. Pierce personally controlled the content of the prerecorded calls, determined to whom the calls would be made, and otherwise authorized the prerecorded calls.

20. In Plaintiff Rowan's case, Defendant called Plaintiff Rowan's phone number and after 1-ring left him a pre-recorded voice message from Brock Pierce himself asking Plaintiff to vote for him and to visit his website.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/in/brockpierce/
[4] https://www.brock.vote/agenda

21. In response to these calls, Plaintiff Rowan files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

### BROCK PIERCE PLACES PRE-RECORDED CALLS TO CONSUMERS

22. Upon information and belief, Brock Pierce collected Independent voter lists to gather phone numbers that he could send out pre-recorded voice messages promoting himself for the election.

23. The voice messages are recorded by Pierce himself, featuring his voice and his message.

24. Pierce personally controlled the content of the prerecorded calls that he himself created, determined to whom the calls should be made, and otherwise authorized the prerecorded calls.

25. Pierce sent out the prerecorded messages to individuals *without first obtaining their prior express consent* to receive prerecorded messages from Pierce.

26. Pierce knowingly and willingly violated the TCPA by sending out prerecorded messages to individuals with whom he had no prior express consent and by personally participating in the TCPA violation.

27. Many consumers have voiced their complaints online about receiving these unsolicited prerecorded messages from Pierce.

- "Robocall from Brock Pierce. How did he get my number?"[5]
- "This is a robocall recording of Brock Pierce for President. Calling back the number leads to another recording for him. Political robocall is really pathetic and stupid."[6]
- "Recorded message asking for a vote."[7]

---

[5] https://findwhocallsyou.com/2086448751?CallerInfo#Done
[6] https://www.everycaller.com/phone-number/1-845-447-9504/
[7] *Id.*

28. The website RoboKiller.com tracks and lists phone numbers which have called its userbase. Robokiller.com lists that the 845-447-9504 (the same phone number which left a prerecorded voicemail on Plaintiff's phone) called at least 3,944 other users who use Robokiller.com, of which 12 users reported the call, and one user uploaded the same prerecorded call that Plaintiff received from the same phone number 845-447-9504.



Listen

▶ 0:00 / 0:29

Transcription

hi this is Brock Pierce I've lived in New York for years I've had a New York number for nearly 20 and I'm running for president of the United States of America as an independent candidate I've been endorsed by the independence party of New York this country is divided right now divided politically divided economically divided racially we have to solve these problems we have to find our way back to Unity you can learn more at www.breckwell.com [8]

29. Pierce made similar prerecorded calls to other consumers in states across the country.

30. For example, other consumers reported on websites like NoMoRobo.com that they received similar prerecorded messages directed to them in their state, a few days before the Plaintiff received his prerecorded call. Below is a copy of a prerecorded call from Pierce directed to individuals in Idaho and another prerecorded call directed to individuals in Utah.

---

[8] https://lookup.robokiller.com/p/845-447-9504





31. Each of these prerecorded calls were recorded by Pierce himself to be disseminated to individuals in a similar way without their prior express consent to receive such calls from Pierce.

## PLAINTIFF ROWAN'S ALLEGATIONS

32. On October 29, 2020, Plaintiff Rowan received a call from, or on behalf of Brock Pierce from the phone number 845-447-9504 at 12:37 PM to his cell phone.

33. The call rang once and then went to Plaintiff's voicemail.

34. A pre-recorded voice message from Brock Pierce was left on Plaintiff's cell phone voicemail stating:

---

[9] https://www.nomorobo.com/lookup/208-644-8751
[10] https://nomorobo.com/lookup/385-218-6198

"Hi, This is Brock Pierce. I've lived in New York for years. I've had a New York number for nearly 20. And I'm running for President of the United States of America as an independent candidate. I've been endorsed by the Independence Party of New York. This country is divided right now. Divided politically, divided economically, divided racially. We have to solve these problems; we have to find our way back to unity. You can learn more at www.brock.vote. Remember to vote. Remember to vote your conscience. A vote for me is a vote for change. It's a vote for our future."

35. Brock Pierce knowingly recorded this prerecorded message to be distributed through a prerecorded call to individuals in New York.

36. Plaintiff Rowan has never provided his cell phone number to Brock Pierce or Brock Pierce's campaign, let alone providing his express consent to received prerecorded calls from him.

37. The unauthorized telephone calls that Plaintiff received from or on behalf of Brock Pierce, as alleged herein, has harmed Plaintiff Rowan in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone and his voicemail.

38. Seeking redress for these injuries, Plaintiff Rowan, on behalf of himself and Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits pre-recorded voice message calls to a cell phone number.

## CLASS ALLEGATIONS

39. Plaintiff Rowan brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants (or an agent acting on behalf of Defendants) called (2) using a pre-recorded voice message, and (3) for whom the Defendant claims (a) he obtained prior express written consent in the same manner as Defendant claims he supposedly obtained prior express written consent to call Plaintiff, or (b) he did not obtain prior express written consent.

40. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their

subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Rowan anticipates the need to amend the Class definitions following appropriate discovery.

41. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

42. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant or his agents placed pre-recorded voice message calls to Plaintiff Rowan and members of the Pre-recorded Class without first obtaining prior express consent to make prerecorded calls to members of the Class;

(b) whether Defendant's conduct constitutes a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the knowing and willfulness of Defendant's conduct.

43. **Adequate Representation**: Plaintiff Rowan will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Rowan has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Rowan and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Rowan nor his counsel have any interest adverse to the Class.

44. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Rowan. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rowan and the Pre-recorded No Consent Class)**

45. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

46. Defendant and/or his agents transmitted unwanted solicitation telephone calls to Plaintiff Rowan and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

47. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Rowan and the other members of the Pre-recorded No Consent Class.

48. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Rowan and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rowan individually and on behalf of the Class, prays for the following relief:

49.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Rowan as the representative of the Class; and appointing her attorneys as Class Counsel;

50.     An award of actual and/or statutory damages and costs;

51.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

52.     An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

53.     Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rowan requests a jury trial.

Respectfully Submitted,

NATHAN ROWEN, individually and on behalf of all others similarly situated individuals

DATED this 16th day of November, 2020.

/s/ Jairo Mellado-Villarreal
USDC-PR No. 208112
jmellado@mellado.com

/s/ Héctor Orejuela-Dávila
USDC-PR No. 301111
horejuela@mellado.com

Mellado & Mellado-Villarreal
165 Ponce de Leon Ave., Suite 102
San Juan, PR 00917
Telephone: (787) 767-2600
Facsimile: (787) 767-2645

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th FL
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946


KAUFMAN P.A.
Avi R. Kaufman (*pro hac vice forthcoming*)
kaufman@kaurmanpa.com
400 NW 26th Street
Miami, FL 33127
Telephone: 305.469.5881


*Attorneys for Plaintiff and the putative Class*

**Certificate of Service**

I hereby certify that pursuant to L.Cv.R. 5.1(b) (2), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

In San Juan, Puerto Rico, this 16th day of November 2020.

*/s/ Jairo Mellado-Villarreal*
USDC-PR No. 208112
jmellado@mellado.com

**Mellado & Mellado-Villareal**
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. (787) 767-2600
Fax (787) 767-2645