IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATHAN ROWAN, individually and on behalf of all others similarly situated<br><br>**Plaintiff**<br><br>v.<br><br>BROCK PIERCE<br><br>**Defendant** | CIVIL NO. 20-1648 (RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

### I. BACKGROUND

On November 16, 2020, Plaintiff Nathan Rowan ("Plaintiff" or "Rowan") filed a *Complaint* against former independent presidential candidate Brock Pierce ("Defendant" or "Pierce"). (Docket No. 1). Subsequently, Plaintiff filed an Amended Complaint ("*Complaint*") on July 12, 2021. (Docket No. 35). Rowan claims Pierce violated the Telephone Consumer Protection Act ("TCPA" or the "Act"), 47 U.S.C. § 227, by sending pre-recorded messages to promote his campaign to consumers' phone numbers, including his own, without their consent. Id. ¶ 40.

Defendant filed the motion to dismiss on August 10, 2021. (Docket No. 39). Pierce asserted two main arguments: (1) Plaintiff lacks standing because he cannot plead an injury-in-fact within the context of the TCPA; and (2) Plaintiff cannot state a claim

for relief against Pierce, neither on behalf of his campaign nor in his personal capacity. Id. Plaintiff filed a *Response* in opposition and Defendant filed a *Reply*. (Docket Nos. 42 and 45, respectively).

## II. LEGAL STANDARD

### A. Dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1):

Federal courts are courts "of limited jurisdiction, limited to deciding certain cases and controversies." Belsito Commc'ns, Inc. v. Decker, 845 F.3d 13, 21 (1st Cir. 2016). The "party asserting jurisdiction has the burden of demonstrating its existence." Fina Air Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008). Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. A defendant may challenge the existence of subject matter jurisdiction either through a "facial attack" or a "factual attack." Id. "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction." Compagnie Mar. Marfret v. San Juan Bay Pilots Corp., 532 F. Supp. 2d 369, 373 (D.P.R. 2008) (quotation omitted). The Court must take all the allegations in the complaint as true and determine if the plaintiff sufficiently evinced a basis of **subject matter jurisdiction**. *See* Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). Whereas "a factual attack asserts that jurisdiction is

lacking on the basis of facts outside of the pleadings." Compagnie Mar. Marfret, 532 F. Supp. 2d at 373 (quotations omitted).

**B. Dismissal for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6):**

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint that "fails to state a claim upon which relief can be granted." Under Rule 12(b)(6), the plaintiff must plead enough facts to state a claim that is "plausible" on its face, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, […] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations marks, citations and footnote omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Further, a complaint will not stand if it offers only "naked assertion[s]" devoid of "further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). To determine whether a complaint has stated a plausible, non-speculative claim for relief, courts must treat non-conclusory factual allegations as true. *See* Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013).

## III. ANALYSIS

**A. Plaintiff has standing under the TCPA**

The TCPA "makes it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any […] cellular telephone[.]" Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1265 (11th Cir. 2019) (citing 47 U.S.C. § 227(b)(1)(A)). Neither the First Circuit Court of Appeals nor this District Court have weighed in on whether a **single** prerecorded call can constitute an injury-in-fact under the TCPA. However, other courts have found that "there is no *minimum* number of text messages or telephone communications required to show a concrete injury for standing purposes." Escano v. Concord Auto Protect, Inc., 2021 WL 2935295, at *5 (D.N.M. 2021) (citing Salcedo v. Hanna, 936 F.3d 1162, 1172 (11th Cir. 2019)) (emphasis added). "[R]ather, the focus is on the qualitative nature of the injury, regardless of how small the injury may be." Salcedo, 936 F.3d at 1172–73 (quoting Saladin v. City of Milledgeville, 812 F.2d 687, 691 (11th Cir. 1987)). Therefore, Courts of Appeals have found that a plaintiff seeking to establish standing under the TCPA must assert that the prerecorded message resulted in the damage Congress intended to avoid with the TCPA and not merely allege a statutory violation. *See e.g.*, Susinno v. Work Out World Inc., 862 F.3d 346, 351 (3d Cir. 2017) ("in asserting 'nuisance and invasion of privacy'

resulting from a **single prerecorded telephone call**, [the] complaint asserts 'the very harm that Congress sought to prevent,' arising from prototypical conduct proscribed by the TCPA.")(emphasis added); Leyse v. Bank of Am. Nat'l Ass'n, 856 F. App'x 408, 410-11 (3d Cir.), cert. denied, 142 S. Ct. 241 (2021) (rejecting the argument that under the TCPA, "Article III standing does not require any allegations of harm beyond the statutory violations themselves.").

In his *Complaint*, beyond contending that Pierce violated the TCPA, Plaintiff avers that the unauthorized telephone call harmed him "in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of the memory on the phone and his voicemail." (Docket No. 35 ¶ 51). Rowan thereby articulated an alleged harm in addition to asserting a statutory violation of the TCPA. Thus, he has standing to present a claim pursuant to the TCPA.

**B. Defendant can be sued in his personal capacity**

The TCPA makes it unlawful for any person "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1)(B). While the statute does not define the term

"initiate", in its declaratory rulings, the Federal Communications Commission ("FCC") has held that under the TCPA:

> [T]he word "initiate" suggests a far more direct connection between a person or entity and the making of a call. We conclude that a person or entity "initiates" a telephone call when **it takes the steps necessary to physically place a telephone call,** and generally does not include persons or entities, such as third-party retailers [sic], that might merely have some role, however minor, in the causal chain that results in the making of a telephone call.

In Re Dish Network, LLC, 28 F.C.C. Rcd. 6574, 6583 (2013). (emphasis added). Accordingly, while merely authorizing a call would be insufficient to establish direct liability, an individual "acting in [their] personal capacity could potentially be held liable for the authorization, oversight, and control of conduct violating the TCPA under an agency theory." Golan v. FreeEats.com, Inc., 930 F.3d 950, 961 (8th Cir. 2019). *See also* Smith v. State Farm Mut. Auto. Ins. Co., 30 F. Supp. 3d 765, 774 (N.D. Ill. 2014)(finding that the FCC correctly determined in Dish Network that the TCPA allows for vicarious liability); City Select Auto Sales Inc. v. David Randall Assocs., Inc., 885 F.3d 154, 162 (3d Cir. 2018) (quoting Texas v. Am. Blastfax, Inc., 164 F.Supp.2d 892, 897 (W.D. Tex. 2001)) (holding that "[a]ssuming that personal-participation liability is in fact available under the TCPA, a corporate officer can be personally liable if he 'actually

committed the conduct that violated the TCPA, and/or [he] actively oversaw and directed this conduct.'").

In the case at bar, the *Complaint* alleges that Pierce: (1) collected independent voter lists to gather voters' phone numbers; (2) created and controlled the content of the prerecorded calls; (3) determined to whom the calls should be made; (4) authorized the prerecorded calls; and (5) sent the prerecorded messages to individuals without first obtaining their consent to receive them. (Docket No. 35 ¶¶ 36-40). Plaintiff thereby sufficiently alleges that Pierce had significant control and participation regarding the prerecorded calls. Although said allegations "may not be sufficient to *prove* any theory of vicarious liability[,] **[t]hey are more than sufficient, however, to entitle [Plaintiff] to further discovery**." Dolemba v. Illinois Farmers Ins. Co., 213 F. Supp. 3d 988, 997 (N.D. Ill. 2016) (citations omitted) (emphasis added).

## IV. CONCLUSION

In light of the above, Defendant's motion to dismiss at Docket No. 39 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of January 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
