MORELL CARTAGENA & DAPENA LLC
Ramón Dapena
E-mail: ramon.dapena@mbcdlaw.com
Iván J. Lladó
Email: ivan.llado@mbcdlaw.com
Ponce de León Ave. 273 Plaza 273, Suite 700
San Juan PR 00908 Puerto Rico
Telephone: 787-723-8753
Facsimile: 787-723-8763

HOLLAND & KNIGHT LLP
Ashley L. Shively (*pro hac vice*)
E-mail: ashley.shively@hklaw.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910

Attorneys for Defendant Brock Pierce

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATHAN ROWAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BROCK PIERCE, an individual<br><br>Defendant. | Case No.:  3:20-cv-01648-RAM<br><br><br>**DEFENDANT PIERCE'S MOTION TO COMPEL COMPLETE RESPONSES TO FIRST SET OF DISCOVERY** |

[Page Intentionally Left Blank]

**DEFENDANT'S MOTION TO COMPEL
COMPLETE RESPONSES TO FIRST SET OF DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 37, Defendant Brock Pierce ("Pierce") requests the Court compel Plaintiff Nathan Rowan ("Plaintiff") to provide complete responses and a complete document production in response to Pierce's first set of interrogatories ("Interrogatories") and first set of requests for production ("Requests") because the responses and document production are wholly incomplete, and despite several meet-and-confers, Plaintiff has refused to provide amended written responses or any additional documents.

## I.    INTRODUCTION

Plaintiff filed this action against 2020 U.S. presidential candidate Brock Pierce alleging Pierce purportedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by personally directing certain "pre-recorded calls" concerning the Brock Pierce for President, Inc. campaign ("Campaign"). *See* Am. Compl., at ¶¶ 19, 21-22, 32. On March 11, 2022, Pierce served an initial set of Interrogatories and Requests and Plaintiff responded on April 11, 2022.

Plaintiff's responses and productions are inadequate for, at least, the following reasons: (1) they include incomprehensible and wholly improper boilerplate objections; (2) they are incomplete, with relevant materials being improperly withheld; and (3) for the requests where Plaintiff has agreed to produce documents, no such documents have been produced despite the passage of nearly 4 months. Charts outlining the substantive deficiencies in the discovery responses are attached as **Exhibit 1** and Plaintiff's Interrogatory and Request for Production Responses are attached as **Exhibits 2** and **3**.

## II.    LEGAL FRAMEWORK

Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Fiorentine v. Sarton Puerto Rico, LLC*, CV 20-1491 (GAG-GLS), 2021 WL 2070535, at *2 (D.P.R. May 20, 2021). "This provision has been interpreted to entitle parties to discovery of any

matter that bears on any issue in the case in the absence of privilege." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It is well-settled that the scope of discovery is broad, and "to be discoverable, information need only appear to be 'reasonably calculated to lead to the discovery of admissible evidence.'" *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 52 (1st Cir. 2009). If a party fails to produce documents or respond to interrogatories, the party who made the request may move for an order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a). Importantly, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### III.    BOILERPLATE OBJECTIONS ARE WHOLLY IMPROPER AND SHOULD BE STRICKEN

Each of Plaintiff's responses contain only improper boilerplate objections that simply state the discovery is "overly broad," "harassing," "irrelevant," "not proportional" and the like without any explanation as to *how* the particular discovery request is, for example, overbroad or irrelevant. Boilerplate objections are improper because they do not specifically identify the basis for the objection with respect to each particular request. Rule 33 mandates that "[t]he grounds for objecting to an interrogatory must be *stated with specificity*" and that "[a]ny ground not stated in a timely objection is waived." Fed. R. Civ. P. 33(b)(4) (emphasis added). Rule 34 mandates that each response to a request for production must "*state with specificity the grounds* for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added); *see also Rivera v. Kmart Corp.*, 190 F.R.D. 298, 301 (D.P.R. 2000) ("Asserting a general objection to a request for production of documents does not comply with Rule 34(b)"); *Brenford Envtl. Sys., L.P. v. Pipeliners of Puerto Rico, Inc.*, 269 F.R.D. 143, 147 (D.P.R. 2010) (same).

The law in Puerto Rico is clear that such boilerplate and "generalized objections to an opponent's discovery requests are insufficient." *Rodriguez-Ruiz v. Microsoft Operations Puerto Rico, L.L.C.*, CV 18-1806 (PG), 2020 WL 1675708, at *4 (D.P.R. Mar. 5, 2020) (internal

3

quotations omitted) (string citing support); *see also Philips Med. Sys. Puerto Rico, Inc. v. Alpha Biomedical & Diag. Corp.*, CV 19-1488 (BJM), 2021 WL 150411, at *4 (D.P.R. Jan. 15, 2021) ("Boilerplate, generalized objections to an opponent's discovery requests are inadequate."); *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016) ("[b]oilerplate objections that a request for discovery is overbroad and unduly burdensome" "are inadequate and tantamount to not making any objection at all.") (internal citations omitted).

The boilerplate objections raised by Plaintiff are likewise baseless and insufficient under Rules 33 and 34 and cannot be the basis to prevent proper discovery. *See* Fed. R. Civ. P. 33 & 34. This is particularly true here where it is evident from a review of the discovery that the objected to discovery goes to crucial class certification issues, such as whether there is typicality in the proposed class, and to the heart of Pierce's defenses in this case, including (1) whether Plaintiff received the purported "call" on October 29, 2020; and (2) whether Plaintiff was injured by the purported "call" (*e.g.,* whether Plaintiff is a serial TCPA litigant, owns the at-issue cell phone, was using his phone at the time of the purported "call," etc.).

During various meet-and-confer calls and communications, the parties discussed the improprieties of boilerplate objections. To-date, Plaintiff has not withdrawn his boilerplate objections or provided additional detail that might allow Pierce to refine the discovery to make it non-objectionable. For this reason alone, the Court should waive Plaintiff's non-meritorious objections and grant Pierce's motion to compel in its entirety. *See Reyes-Santiago v. JetBlue Airways Corp.*, 932 F. Supp. 2d 291, 301 (D.P.R. 2013) ("boilerplate objections to the discovery requests" are "sanctionable"); *Brenford Envtl. Sys., L.P. v. Pipeliners of Puerto Rico, Inc.*, 269 F.R.D. 143, 147 (D.P.R. 2010) (granting motion to compel and waiving boilerplate objections because they did not provide a basis for why a particular request was objectionable).

## IV.    INCOMPLETE INTERROGATORIES RESPONSES

Beyond the improper boilerplate objections, Plaintiff's written Interrogatory responses are also substantively deficient for the following reasons.

**Work History (ROG No. 1).** Pierce seeks Plaintiff's job history for the last five (5) years. In response, Plaintiff lists his *former* job with the Rochester Red Rings and a few "part-time" jobs, but fails to list his *current* employer or state that Plaintiff is not currently employed full time. After a meet-and-confer, Plaintiff's counsel informed undersigned counsel that Plaintiff is currently working, but has failed to amend his response.

**Prior TCPA Complaints (ROG No. 2).** Pierce seeks a list of all "TCPA Claims" made by Plaintiff in the last 5 years. Pierce defines "TCPA Claim" as "any lawsuit, arbitration, court proceeding, or demand letter alleging violation(s) of the TCPA or similar state laws." (ROGs, at Definitions) (emphasis added). In response, Plaintiff provided a list of 13 federal lawsuits he filed and stated he also has "additional TCPA complaints in the last 5 years that did not result in filed actions," but refused to provide any information relating to these "complaints." (Resp., at ROG No. 2). Plaintiff's over-breadth and proportionality objections are without merit because the interrogatory seeks limited information for a 5-year time period. Plaintiff's relevance objection is likewise without merit. Plaintiff is a well-documented TCPA litigant and his history of filing arbitrations and/or making TCPA-related demands/complaints is relevant to whether Plaintiff himself was truly injured. *See* Def's Mot. To Dismiss, at pp. 9, 17 (arguing a serial TCPA litigant does not have an injury-in-fact). In addition, the information is highly relevant to Plaintiff's "motive, state of mind, and credibility," including typicality and whether he can adequately represent the interests of the putative class. *See, e.g., Moser v. Health Ins. Innovations, Inc.*, CV 17-1127-WQH(KSC), 2018 WL 6735710 (S.D. Cal. Dec. 21, 2018) (granting a motion to compel and holding plaintiff's prior disputes under the TCPA were "relevant to other disputed issues such

5

as motive, state of mind, and credibility" on class certification issues); *Gastineau v. Fleet Mort. Corp.*, 137 F.3d 490, 495-96 (7th Cir. 1998) (evidence of plaintiff's other employment cases is admissible to show motive, state of mind, and credibility); *Outley v. City of N.Y.*, 837 F.2d 587, 591-95 (2d Cir. 1988) (inconsistent statements made by plaintiff in prior lawsuits are admissible as impeachment evidence). Judges in the First Circuit routinely allow discovery of confidential settlement agreements and related information from prior disputes. *See Quilez-Velar v. Ox Bodies, Inc.*, No. 12-1780(SCC), 2014 WL 4385314, at *1 (D.P.R. Sept. 4, 2014) (collecting cases); *Parker Waichman LLP v. Salas LC*, 328 F.R.D. 24, 26 (D.P.R. 2018) ("Courts may even allow the discovery of information contained in and related to confidential settlement agreements."); *see also ABF Capital Mgt. v. Askin Capital Mgt.,* Civ. No. 96–2978, 2000 WL 191698, at *1 (S.D.N.Y. Feb. 10, 2000) ("Prevailing authority within this Circuit holds that the discovery of settlement-related information is governed by [Rule 26(b)(1)], and that no heightened showing of relevance need be made in order to justify the disclosure of the settlement agreement.").

Courts that have considered this issue specifically in the context of a TCPA litigant have allowed discovery into a plaintiff's prior TCPA disputes and settlements. *See, e.g., Moser*, 2018 WL 6735710, at *3 (compelling plaintiff to identify TCPA proceedings he had been a party to, produce TCPA demand letters and deposition transcripts, and identify TCPA settlement amounts); *Moser v. Health Ins. Innovations, Inc.*, CV 17-1127-WQH(KSC), 2019 WL 2271804, at *7-8 (S.D. Cal. May 28, 2019) (compelling plaintiff to produce information regarding prior TCPA settlements and cases, including identification of all cases and demands, the amounts of any TCPA settlements, and the "the disposition of each TCPA case and whether class certification was granted or denied" because the "information about plaintiff's involvement as a party in other TCPA litigation is relevant to class certification issues, such as plaintiff's credibility and whether plaintiff can

**DEFENDANT'S MOTION TO COMPEL**
**COMPLETE RESPONSES TO FIRST SET OF DISCOVERY**

adequately represent the interests of the class"—indeed, the "relevance is obvious"); *Moser v. Health Ins. Innovations, Inc.*, CV 17-1127-WQH(KSC), 2019 WL 2996950, at *1 (S.D. Cal. July 8, 2019) (compelling production of plaintiff's prior TCPA settlement agreements because they are "relevant and important to the issues of credibility and plaintiff's ability to adequately represent the interests of the proposed class"). Here, Plaintiff should be compelled to produce information concerning all prior TCPA claims, complaints, demands, arbitrations, and the like.

**Income from TCPA Claims (ROG Nos. 3 & 4).** Pierce seeks the "amount of income/money" and "the amount of attorneys' fees" Plaintiff and his lawyers have made lodging Plaintiff's TCPA Claims in the past 5 years, including a breakdown of that income. Plaintiff lodges baseless objections claiming the interrogatories seek information that is confidential, has no bearing on the claims or defenses in this action, is overbroad, is not proportional to the needs of the case, and is harassing. As an initial matter, Plaintiff has never requested a protective order, so this objection rings hollow and is not a proper basis to withhold otherwise relevant information.[1] More substantively, if Plaintiff has 13 total TCPA Claims in the past 5 years (plus any undisclosed arbitrations or demands), it is difficult to envision how gathering such information could be overbroad, disproportional, or harassing. To the extent Plaintiff believes the Interrogatory seeks non-relevant information, see above analysis for Interrogatory No. 2 concerning why materials concerning prior TCPA Claims are highly relevant to the issues in this action.

**Plaintiff's Physical Cell Phone (ROG No. 6).** Pierce seeks "the make(s), model(s), year(s), and purchase date(s) of any mobile phones or devices owned by or assigned to Plaintiff in the last 5 years." Plaintiff again lodges baseless objections claiming the interrogatory seeks information that is irrelevant, overbroad, and not proportional to the needs of the case, but then

---

[1] Notably, Pierce raised a protective order to Plaintiff during the parties' meet and confer and requested Plaintiff provide a draft, which he has failed to do.

7

Plaintiff responds that he has owned two phones. During a meet-and-confer, counsel could not definitively state whether those were the *only* two phones Plaintiff has had in the last 5 years.

**Prior Consent (ROG No. 8).** Pierce asks Plaintiff to explain "what facts" he has that might support the "allegation/contention that 'prior express consent' was required, as alleged in the FAC, at ¶ 21." Plaintiff objected by claiming his own allegation from the Complaint is "vague and ambiguous" and seeks a "legal conclusion." To be clear, ROG No. 8 is seeking any "facts" that Plaintiff currently has to support an allegation in the operative complaint. It is hard to believe Plaintiff would make such an allegation with absolutely no factual basis to do so. At a meet-and-confer, Plaintiff would not provide any additional information or details. Whether Pierce personally "placed pre-recorded calls to consumers' cellular telephone numbers without first obtaining their prior express consent" is a central (and potentially a dispositive) issue in this case. Plaintiff should not be permitted to make such an allegation and then claim his own allegation is confusing, all to avoid responding to an interrogatory seeking the basis for the statement.

**Cell Phone Usage on October 29, 2020 (ROG No. 9).** Plaintiff filed this TCPA lawsuit because of a purported "call" Plaintiff received on October 29, 2020. *See* First Am. Compl., at ¶ 46. In ROG No. 9, Pierce asks Plaintiff to "[d]escribe [his] usage of his Phone on October 29, 2020 for outgoing and incoming phone calls, text messages, and voicemails received and/or sent, including but not limited to: the length of those phone calls; the identification, description, and length of any voicemails received on Plaintiff's Phone or that Plaintiff left on another device using his Phone; and contents of each of the text messages sent and received." Plaintiff again lodged baseless objections claiming the interrogatory was overbroad, not proportional, and sought "private information that does not have any bearing on the claims or defenses in this action." Plaintiff then partially responded by stating he "received a call from Defendant at 12:37 pm.

**DEFENDANT'S MOTION TO COMPEL**
**COMPLETE RESPONSES TO FIRST SET OF DISCOVERY**

Plaintiff tried to answer the incoming call but missed it, resulting in a prerecorded voice message being left on his voicemail at 12:38 pm." (Resp. to ROG No. 9). With regard to the objections, it is unclear how seeking information on Plaintiff's cell phone usage for a *single day* (and the day in question) could ever be overbroad or irrelevant to the claims or defenses in this case. To prevail in this case, Plaintiff must establish he suffered a cognizable injury. Understanding Plaintiff's phone usage, what he was doing at the time of the "call" at issue, whether he was using his phone at the time of the "call," and whether he had call waiting are all critical issues in this case. This is especially true here because Plaintiff claimed (in response to a request for admission in this case) that he "was on the phone at the time of the call from Defendant" (Resp. to RFA No. 4), making Plaintiff's call history on October 29, 2020 highly relevant to confirm his phone activity for the day in-question. During a meet-and-confer, Plaintiff agreed to amend, but has failed to do so.

## V.   DEFICIENCIES IN PLAINTIFF'S RESPONSES TO REQUESTS FOR DOCUMENTS

### a.   PLAINTIFF FAILS TO STATE WHETHER HE IS WITHHOLDING DOCUMENTS

Plaintiff fails to state whether he is withholding documents on the basis of his objections. Rule 34(b)(2)(C) states "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). The withholding statement allows the receiving party to determine whether no documents exist (*i.e.,* no reason to move to compel) or whether documents exist that are being withheld on the basis of an objection (*i.e.,* a motion to compel may be proper). Including the required withholding statement streamlines any discovery disputes by eliminating needless discovery challenges. Despite repeated requests that Plaintiff comply with Rule 34, Plaintiff continues to refuse to do so, but should be compelled accordingly. *See Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 318 F.R.D. 224, 228 (D.P.R. 2016) (acknowledging Rule 34(b)(2)(C)'s mandate that each response to a request for production must include a withholding statement); *In re McClinch*, No.

18-10568, 2020 WL 6840613, at *1 (Bankr. D. Me. Nov. 16, 2020) (granting a motion to compel and acknowledging that Rule 34(b)(2)(C)'s "requirement is intended avoid the confusion that arises 'when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections.'") (citing Fed. R. Civ. P. 34 Advisory Committee Notes (2015 Amend.)); *Guarriello v. Family Endowment Partners, LP*, No. 14-CV-13351-IT, 2015 WL 12953233, at *2 (D. Mass. Dec. 21, 2015) (explaining "[t]he problem created by Defendants' failure to include a withholding statement is a real and common" problem and ordering Defendants to amend their repsonses); *see also R. Fellen, Inc. v. Rehabcare Grp., Inc.*, CV 14-2081-DAD-SMS, 2016 WL 1224064, at *3 (E.D. Cal. Mar. 29, 2016) (granting a motion to compel due, in part, because the responses failed to "indicate whether any responsive materials [we]re being withheld on the basis of that objection.").

   b. <u>PLAINTIFF'S RESPONSES TO PIERCE'S REQUESTS FOR PRODUCTION ARE DEFICIENT</u>

  In addition to the boilerplate objections and missing withholding statements, Plaintiff's written responses to the Requests are substantively deficient for at least the following reasons.

  **TCPA Income (RFP No. 3).** Pierce seeks documents and communications "sufficient to show **Plaintiff's** income from any **TCPA Claims** in last 5 years." Plaintiff lodges baseless objections claiming the Request seeks confidential information not relevant to the claims or defenses in this case, is overbroad, and is not proportional to the needs of the case. As stated above, Plaintiff has never requested that the parties enter into a confidentiality agreement or protective order, such that this objection is not a proper basis to withhold otherwise relevant and responsive documents. More substantively, if Plaintiff has 13 total TCPA Claims in the past 5 years (plus any undisclosed arbitrations or demands), it is difficult to envision a scenario when gathering such documents could be overbroad or disproportional. In addition, and as explained above, the

10

<b>DEFENDANT'S MOTION TO COMPEL<br>COMPLETE RESPONSES TO FIRST SET OF DISCOVERY</b>

documents sought are highly relevant to Plaintiff's credibility, including typicality and whether he can adequately represent the interests of the putative class. *See* Argument for ROG No. 1, above.

**Cell Phone Usage on 10/29/20 (RFP No. 5).** Pierce seeks documents sufficient to show "**Plaintiff's** usage of his **Phone** . . . on October 29, 2020." Plaintiff objected claiming the Request is "overbroad in substantive scope, harassing, irrelevant," and disproportional. It is hard to understand how highly relevant phone records for a *single day* that would tend to prove or disprove Plaintiff's claim that he purportedly received a "prerecorded voice call" could ever be overbroad, harassing, irrelevant, or disproportional. This Request goes to the heart of Pierce's defenses in this case (*e.g.,* whether Plaintiff was injured and whether he actually received a "call").

**Cell Phone Agreement & Plan (RFP Nos. 7, 8, 9).** Pierce seeks documents related to: (1) "subscriber agreements, telephone plans, customer account notes, account or billing statements, invoices, and telephone bills" for the at-issue phone during the relevant time period (RFP No. 7); (2) "subscriber agreements, group telephone plans, customer account notes, account or billing statements, invoices, and telephone bills" for Plaintiff's two numbers (RFP No. 8);[2] and (3) "the terms of **Plaintiff's** mobile phone plan" for the at-issue number/phone (RFP No. 9).[3] Plaintiff lodged *identical* boiler plate objections to the three Requests claiming they are "overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as [sic] not proportional to the needs of the case" without any explanation as to *how* the requested documents are, for example, irrelevant. This is a TCPA class action involving a purported "call" received by Plaintiff. The features of Plaintiff's phone plan (*e.g.,* whether Plaintiff had call-

---

[2] In response to **ROG No. 5**, Plaintiff claims he only has two phone numbers, one of which he has failed to identify.

[3] For **RFP No. 9**, Plaintiff also improperly directs Pierce to his response to ROG No. 7 which states "the total line cost for Plaintiff's number was $49.78 with tax" and explains the "plan includes unlimited talk, text, and data." This is non-responsive because the RFP seeks ***documents***.

**DEFENDANT'S MOTION TO COMPEL**
**COMPLETE RESPONSES TO FIRST SET OF DISCOVERY**

waiting, was charged for voicemails/minutes, etc.), and whether the device and monthly plan was paid for by Plaintiff or a third party like his employer are critical issues to establishing whether Plaintiff was injured and could be an appropriate class representative. Given Plaintiff stated he only used one phone carrier (Verizon) for the last 5 years (*see* Resp., to ROG No. 5), collecting the requested documents should not be disproportional to the needs of the case.

**Internet History & Political Campaign Communications (RFP Nos. 10, 11, 12, 13 & 14).** Pierce seeks: (1) Plaintiff's internet browsing history concerning the TCPA (RFP No. 10) and "political candidates or political campaigns" (RFP No. 11) during the proposed class period; (2) "[c]ommunications Plaintiff received from political candidates or political campaigns" (RFP No. 12); (3) documents showing the identification of Plaintiff's IP address(es) (RFP No. 13); and (4) "financial and non-monetary contributions to political candidates, causes, or campaigns." (RFP No. 14). Plaintiff once again lodges the same boilerplate objections claiming the Requests are "overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as [sic] not proportional to the needs of the case." For RFP Nos. 10-13, Plaintiff then states he "did not provide his consent to be called by or his telephone number to Defendant through any website or any other means." (Resp. to RFP Nos. 10, 11, 12, 13). This is non-responsive. The Requests are not seeking written responses regarding whether Plaintiff consented, but rather for documents evidencing Plaintiff's browsing history, IP addresses, and communications with political candidates or campaigns. For RFP No. 14, Plaintiff states he did not contribute to Pierce or his political campaign. This response improperly narrows the Request—which seeks contributions made to *any* political candidate or campaign during the proposed class period. Importantly, Plaintiff filed TCPA cases against two 2020 political candidates/campaigns at opposite ends of the political spectrum (and perhaps made demands against others). Pierce should

be permitted to discover whether Plaintiff took steps to solicit potentially violative calls or texts from campaigns by engaging with candidates online or offline. Such documents would be highly probative of whether Plaintiff was truly injured, and to show motive, state of mind, and credibility.

**E-Discovery (RFP No. 30).** Pierce asks that Plaintiff use just nine (9) highly relevant search sets of terms to locate documents "in Plaintiff's possession, custody, or control" during the class period defined by Plaintiff in the Complaint. The terms include: (1) "Telephone Consumer Protection Act" or "TCPA"; (2) "robo-call" or "robocall"; (3) "auto-dial" or "auto dial" or "autodial" or "autodialer" "automatic dialer" or "ATDS"; (4) "call center"; (5) "artificial" or "pre-record" or "prerecord" or "pre-recorded" or "prerecorded"; (6) "do not call"; (7) "spoof"; (8) "Federal Communications Commission" or "FCC"; and (9) "telemarket" or "tele-market" or "telemarketing." In response, Plaintiff lodges the identical boilerplate objections as above: "overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as [sic] not proportional to the needs of the case." (Resp., to RFP No. 30). Plaintiff's refusal to conduct *any* search for this limited set of highly relevant terms/documents is unreasonable. Whether, for example, Plaintiff was researching the TCPA and how to sign up on various platforms to solicit potentially non-compliant calls is relevant to Plaintiff's claims and whether he was actually injured by the purported "call" at issue in this case. Accordingly, Plaintiff should be compelled to search for and produce responsive documents.

**Communications About the Lawsuit with Third Parties (RFP No. 32).** Pierce seeks documents and communications "with third parties (excluding **Plaintiff's** lawyers and experts) mentioning or discussing this lawsuit" during the relevant class period. After lodging the same boilerplate objections ("overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as [sic] not proportional to the needs of the case"), Plaintiff

**DEFENDANT'S MOTION TO COMPEL**
**COMPLETE RESPONSES TO FIRST SET OF DISCOVERY**

objected that such information may be "protected by the common interest, joint client, or joint plaintiff privileges." (Resp. to RFP No. 32). Curiously, in response to another Request, Plaintiff states exactly the opposite, claiming there are no "settlement, tolling, reimbursement, indemnity, indemnification, joint defense, or common interest agreements involving Plaintiff and/or Plaintiff's counsel concerning or pertaining to this action." (Resp. to RFP No. 34). The documents requested go to Plaintiff's purported injuries, state of mind, and motivations for filing this lawsuit. Both Plaintiff and his colleague John Blotzer sued the Trump Campaign for TCPA violations and counsel for Plaintiff wanted to add John Blotzer as a class representative in this case. However, instead of Plaintiff seeking leave to add John Blotzer as a class plaintiff, John Blotzer filed a nearly identical complaint against Pierce. As such, Plaintiff's objection that some of the requested documents may be privileged is without merit and should be overruled. To the extent there are, for example, communications with Plaintiff trying to solicit others to join the lawsuit as another potential class plaintiff, such communications would be highly relevant to this action.

**Documents Supporting the Allegations in the Complaint.** In response to Request Nos. 16, 17, 18, 19, 20, 21, 26, 27, 28, and 29, Pierce cites to allegations in the operative complaint and asks for documents that support those allegations. In response, Plaintiff claims "[d]iscovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession." *See* Defs. Resp. to RFPs (**Exhibit 3**). It is undisputed that discovery is ongoing, but that does not absolve Plaintiff of his obligation to respond to the Requests and produce any documents he currently has that support his allegations. Indeed, Plaintiff must have *some* basis to support his allegations. *See* Fed. R. Civ. P. 11 ("By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have

**DEFENDANT'S MOTION TO COMPEL**
**COMPLETE RESPONSES TO FIRST SET OF DISCOVERY**

evidentiary support"). In addition, the fact that documents are purportedly in Pierce's possession, custody, or control—which Pierce denies—does not absolve Plaintiff of his obligation to produce the documents he has in his own possession, custody, or control. *See, e.g., Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 318 F.R.D. 224, 230 (D.P.R. 2016) (explaining "Courts have held that a responding party is required to produce documents in its possession, custody, or control *regardless of whether the requesting party is already in possession of the requested documents*") (emphasis added). If Plaintiff made allegations in the operative complaint, he should be compelled to produce any documents he currently has that support those allegations. If no documents exist, then he should respond accordingly.

## VI.   DEFICIENCIES IN PLAINTIFF'S DOCUMENT PRODUCTION

In response to Request Nos. 4, 15, 16, 17, 18, 19, 20, 21, 25, 26, 27, 28, 29, and 37, Plaintiff stated he "will produce all documents in his possession responsive to this request." Despite the passage of more than 3 months and several requests, Plaintiff has failed to produce any documents[4] responsive to these requests or indicate when documents will be forthcoming.

## VII.   AWARD OF EXPENSES

If a motion to compel "is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff should have provided amended responses as promised more than a month ago. Instead, Plaintiff forced Pierce to repeatedly request amended written responses and a complete document production, and finally seek relief from the Court,

---

[4] For Request No. 4, Plaintiff partially responded by providing 3-pages of a 22-page Verizon bill, but failed to provide any of the other documents requested.

**DEFENDANT'S MOTION TO COMPEL
COMPLETE RESPONSES TO FIRST SET OF DISCOVERY**

such that another award of fees and costs is appropriate.

## VIII.    CONCLUSION

As explained above, Pierce has been unable to obtain complete interrogatory responses or a complete production of responsive documents from Plaintiff despite numerous attempts over the course of several months to obtain the requested documents and information. Pierce is left with no choice but to seek relief from the Court and respectfully request that the Court compel Plaintiff to: (a) provide amended responses to Pierce's Interrogatories that remove boilerplate objections and substantively respond to the Interrogatories as outlined in this motion; (b) provide amended responses to Pierce's document Requests that remove boilerplate objections and include a withholding statement pursuant to Rule 34 so Pierce knows whether Plaintiff is continuing to improperly withhold documents; and (c) produce documents responsive to the Requests as outlined in this motion.

## IX.    GOOD FAITH CERTIFICATION PURSUANT TO LOCAL RULE 26(B)

I hereby certify that Defendant Pierce attempted in good faith to resolve this dispute without Court intervention. On April 21, 2022, counsel for Defendant Pierce sent a detailed deficiency letter outlining the specific issues with each request and interrogatory. Counsel for the parties then held two meet-and-confer telephone conferences on May 3, 2022 and May 13, 2022 followed by counsel for Defendant Pierce sending a number of emails in an attempt to resolve the issues outlined above. Finally, on June 21, 2022, the Parties held a final meet-and-confer. The issues in this motion are the issues that remain unresolved.

**DEFENDANT'S MOTION TO COMPEL**
**COMPLETE RESPONSES TO FIRST SET OF DISCOVERY**

## CERTIFICATE OF SERVICE

I certify that today I have electronically filed this motion with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all attorneys of record.

Date: July 5, 2022                MORELL CARTAGENA & DAPENA LLC

_____

Ramón Dapena
E-mail: ramon.dapena@mbcdlaw.com
*/s/ Iván Lladó*
Iván J. Lladó
Email: ivan.llado@mbcdlaw.com
Ponce de León Ave. 273 Plaza 273, Suite 700
San Juan PR 00908 Puerto Rico
Telephone: 787-723-1233; Facsimile: 787-723-8763

HOLLAND & KNIGHT LLP
Ashley L. Shively (*pro hac vice*)
E-mail: ashley.shively@hklaw.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: 415-743-6900; Facsimile: 415-743-6910
*Attorneys for Defendant*
*Brock Pierce*

**DEFENDANT'S MOTION TO COMPEL
COMPLETE RESPONSES TO FIRST SET OF DISCOVERY**