UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NATHAN ROWAN, individually, and on behalf
of all others similarly situated,

                    Plaintiff,

        v.

BROCK PIERCE, an individual,

                    Defendant.

No. 3:20-cv-01648-RAM

**PLAINTIFF'S RESPONSES TO
DEFENDANT'S FIRST SET OF
INTERROGATORIES**

Plaintiff Nathan Rowan responds to Defendant Brock Pierce's First Set of Interrogatories as follows. Mr. Rowan objects to all of Defendant's requests to the extent they seek attorney client privileged and/or work product information, and, therefore, construes Defendant's requests to not seek such information. Plaintiff further states:

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1: Identify Plaintiff's** employer(s), dates of employment, and job duties for past 5 years.

**Response:** Plaintiff objects to this Interrogatory as overly broad in substantive scope. Plaintiff further objects to this Interrogatory as seeking information unrelated to the claims or defenses in this action, as overbroad, and as not proportional to the needs of the case.  Subject to the foregoing objections, Plaintiff responds that his full-time job has been the Director of Communications for the Rochester Red Wings for more than 5 years. He started March 2, 2015 through April 2, 2022. The job duties include all internal and external communications for the team and coordinating media coverage of the team.

Plaintiff has also held several part-time roles during the last 5 years which include announcing, broadcasting, running clock, and keeping statistics for the Rochester Institute of

Technology hockey programs, Time Warner/Spectrum News high school sports coverage, and helping in those areas at Brighton High School and with Section V Athletics.

**Interrogatory No. 2: Identify** any **TCPA Claims** made (in whole or in part) by **Plaintiff** in the last 5 years against any **Person**.

**Response:** Plaintiff objects to this Interrogatory as overly broad in substantive scope. Plaintiff further objects to this Interrogatory as seeking information unrelated to the claims or defenses in this action, as overbroad, and as not proportional to the needs of the case.  Subject to the foregoing objections, Plaintiff has filed 13 TCPA actions in the last 5 years, not including the present action, and has made additional TCPA complaints in the last 5 years that did not result in filed actions. A chart identifying the filed TCPA actions follows:

| Case Name | Case Number |
| --- | --- |
| Rowan v. Samra Brouk for State Senate | 6:2021cv06417 |
| Rowan v. Donald J. Trump for President, Inc. | 6:2020cv06898 |
| Rowan v. The Franchise Consulting Company, Inc. | 1:2021cv21431 |
| Rowan v. Atlantic Travel Alliance, LLC | 0:2021cv60055 |
| Rowan v. Direct Marketing Group LLC, et al | 8:2020cv02248 |
| Rowan v. Brio Energy | 2:2020cv00843 |
| Rowan v. Affordable Car Cure, Inc., et al | 1:2021cv00587 |
| Bumpus, et al v. Realogy Holdings Corp., et al | 3:2019cv03309 |
| Rowan v. Liberty Mutual Group, Inc. | 1:2020cv11675 |
| Rowan v. Pierce | 3:2020cv01648 |
| Rowan v. US Dealer Services, Inc. | 2:2021cv09945 |
| Rowan v. Arrivia Inc., et al | 1:2021cv00587 |
| Rowan v. United Enrollment Services LLC, et al | 9:2022cv80235 |

**Interrogatory No. 3:** State the amount of income/money **Plaintiff** received as a result of settlements of **TCPA Claims** in the last 5 years, including a breakdown of the amounts **Plaintiff**

received from each settlement, the date of each settlement, the name of each case, the **Person** who paid the settlement, and the division of attorneys' fees, costs, disbursements, reimbursements, and/or other recovery in any form (whether monetary or non-monetary), in connection with the **TCPA Claims**.

**Response:** Plaintiff objects to this Interrogatory as overbroad in substantive scope and as purely for purposes of harassment. The Interrogatory seeks third party confidential information that does not have any bearing on the claims or defenses in this action and, as such, are not proportional to the needs of the case.

**Interrogatory No. 4:** State the amount of attorneys' fees paid to Law Offices Of Stefan Coleman, P.A. and Kaufman P.A. for the firm's work on **Plaintiff's** behalf relating to **TCPA Claims** in the last 5 years.

**Response:** Plaintiff objects to this Interrogatory as overbroad in substantive scope and as purely for purposes of harassment. The Interrogatory seeks private information that does not have any bearing on the claims or defenses in this action and, as such, are not proportional to the needs of the case.

**Interrogatory No. 5: Identify** every telephone number owned, assigned, or used by **Plaintiff** (or any business he currently or formerly owns/owned) in the last 5 years, including the name of the provider/carrier and the timeframe that **Plaintiff** owned or was assigned phone line/number.

**Response:** Plaintiff objects to this Interrogatory as overly broad in substantive scope. Plaintiff further objects to this Interrogatory as seeking information unrelated to the claims or defenses in this action, as overbroad, and as not proportional to the needs of the case.  Subject to the foregoing objections, Plaintiff's cellular phone number is 651-983-5605.  This has been

3

Plaintiff's only cellular number since approximately 2004. Verizon Wireless has been the carrier for more than the past five years.  Plaintiff also has a landline business phone number with Rochester Community Baseball that he has used for more than 5 years.

**Interrogatory No. 6:** State the make(s), model(s), year(s), and purchase date(s) of any mobile phones or devices owned by or assigned to **Plaintiff** in the last 5 years.

**Response:** Plaintiff objects to this Interrogatory as overly broad in substantive scope. Plaintiff further objects to this Interrogatory as seeking information unrelated to the claims or defenses in this action, as overbroad, and as not proportional to the needs of the case.  Subject to the foregoing objections, Plaintiff's cell phone is an iPhone XR purchased on July 29, 2019. He previously had an iPhone 6.

**Interrogatory No. 7:** Describe the terms of **Plaintiff's** mobile service plan(s) for each of the phone numbers identified in Interrogatory No. 5 above, including but not limited to the monthly cost, **Plaintiff's** talk, text, and data allowances or restrictions, and any spam/fraud call blocking features available on such plan.

**Response:** Plaintiff objects to this Interrogatory as overly broad in substantive scope. Plaintiff further objects to this Interrogatory as seeking information unrelated to the claims or defenses in this action, as overbroad, and as not proportional to the needs of the case.  Subject to the foregoing objections, the cell phone plan for Plaintiff's phone line's monthly cost varies, but during October 2020, the month in which Plaintiff received the call from Defendant, the total line cost for Plaintiff's number was $49.78 with tax. The plan includes unlimited talk, text, and data.

**Interrogatory No. 8:** Explain what facts **Plaintiff** has that support the allegation/contention that "prior express consent" was required, as alleged in the **FAC**, at ¶ 21.

**Response:**  Plaintiff objects to this Interrogatory as vague and ambiguous since it mischaracterizes the allegation in the Amended Complaint at ¶ 21.  ¶ 21 states "In order to promote himself for the election, Brock Pierce placed pre-recorded calls to consumers' cellular telephone numbers without first obtaining their prior express consent." Plaintiff also objects to this interrogatory to the extent it asks for a legal conclusion.

**Interrogatory No. 9:** Describe **Plaintiff's** usage of his **Phone** on October 29, 2020 for outgoing and incoming phone calls, text messages, and voicemails received and/or sent, including but not limited to: the length of those phone calls; the identification, description, and length of any voicemails received on **Plaintiff's Phone** or that **Plaintiff** left on another device using his **Phone**; and contents of each of the text messages sent and received.

**Response:** Plaintiff objects to this Interrogatory as overbroad in substantive scope and as seeking private information that does not have any bearing on the claims or defenses in this action and, as such, are not proportional to the needs of the case. Subject to the foregoing objection, Plaintiff received a call from Defendant at 12:37 pm. Plaintiff tried to answer the incoming call but missed it, resulting in a prerecorded voice message being left on his voicemail at 12:38 pm.

-----------------------------------------------------------------------------------------------------------------

I, Nathan Rowan, declare under penalty of perjury of the laws of the United States that, to the best of my knowledge and belief, the foregoing answers are true and correct.

Dated: 04 / 11 / 2022 _____        _____
                                                                Nathan Rowan, Plaintiff

DATED this 11th day of April, 2022.        /s/ Jairo Mellado-Villarreal
                                                                USDC-PR No. 208112
                                                                jmellado@mellado.com

5

/s/ Héctor Orejuela-Dávila
USDC-PR No. 301111
horejuela@mellado.com

Mellado & Mellado-Villarreal
165 Ponce de Leon Ave., Suite 102
San Juan, PR 00917
Telephone: (787) 767-2600
Facsimile: (787) 767-2645

Stefan Coleman (*pro hac vice*)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th FL
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (*pro hac vice*)
kaufman@kaurmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2022, I served the foregoing by email on all counsel of record.

/s/ Avi R. Kaufman
Avi R. Kaufman

6