UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NATHAN ROWAN, individually, and on behalf
of all others similarly situated,

                    Plaintiff,

        v.

BROCK PIERCE, an individual,

                    Defendant.

No. 3:20-cv-01648-RAM

**PLAINTIFF'S RESPONSES TO
DEFENDANT'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS**

Plaintiff Nathan Rowan responds to Defendant Brock Pierce's First Set of Requests for

Production as follows. Mr. Rowan objects to all of Defendant's requests to the extent they seek

attorney client privileged and/or work product information, and, therefore, construes Defendant's

requests to not seek such information. Plaintiff further states:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**Request for Production No. 1: Documents** sufficient to show any **TCPA Claims** made

by **Plaintiff** in the last 10 years. (Note: This request is not seeking all documents relating to prior

claims, but only documents sufficient to **Identify** prior **TCPA Claims**.)

RESPONSE: Plaintiff directs Defendant to his response to Interrogatory No. 2.

**Request for Production No. 2:** Copies of any deposition transcripts, affidavits,

declarations, or sworn testimony of **Plaintiff** concerning or referring to: (i) the **TCPA**; (ii)

autodialing, an automatic telephone dialing system, or an auto dialer; (iii) pre-recorded or

artificial calls, voices, or messages; (iv) consent to receive calls with respect to any phone

number owned, controlled, or transferred to **Plaintiff** or anyone in his household; (v)

telemarketing or unsolicited advertisements, solicitations, or marketing; (vi) Do Not Call lists; or

(vii) ringless voicemails.

RESPONSE: None.

**Request for Production No. 3: Documents** and **Communications** sufficient to show **Plaintiff's** income from any **TCPA Claims** in last 5 years.

RESPONSE: Plaintiff objects to this Request as overly broad in substantive scope and to the extent that it seeks confidential financial and/or third party information that is not related to the claims or defenses in this action and, as such, are not proportional to the needs of the case.

**Request for Production No. 4: Plaintiff's** telephone/call logs, call detail reports, call transcripts, and audio recordings for **Plaintiff's Phone** reflecting the purported pre-recorded call made by or on behalf of **Pierce** (and the resulting voicemail left), as alleged in the **FAC**, at ¶ 46.

RESPONSE:  Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 5: Documents** sufficient to show **Plaintiff's** usage of his **Phone** for outgoing and incoming phone calls, as well as voicemails and text messages received on October 29, 2020, including but not limited to, the incoming and outgoing phone numbers and the length of any phone calls, the identification and length of any voicemails received, and any text messages received.

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case. *See also* Response to Request no. 4.

**Request for Production No. 6: Documents** sufficient to show **Plaintiff's** telecom and internet service providers for the past 4 years.

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case. *See also* to Interrogatory No. 2.

**Request for Production No. 7:** Copies of any subscriber agreements, telephone plans, customer account notes, account or billing statements, invoices, and telephone bills for **Plaintiff's** telephone number that purportedly received the call, as alleged in the **FAC**, at ¶ 46.

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case.

**Request for Production No. 8:** Copies of any subscriber agreements, group telephone plans, customer account notes, account or billing statements, invoices, and telephone bills for every telephone number owned, used by, or assigned, registered, or transferred to **Plaintiff** (or any individual/entity associated with or sharing Plaintiff's household or address) from May 6, 2017 to present (proposed class period). This Request excludes any documents produced in response to the preceding Requests.

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case.

**Request for Production No. 9: Documents** and **Communications** sufficient to show the terms of **Plaintiff's** mobile phone plan for the phone number that purportedly received the **TCPA**-violative call, including but not limited to **Plaintiff's** allotted minutes, data usage, plan features (*e.g.,* whether **Plaintiff** can receive calls while listening to a voicemail), when

**Plaintiff's** plan started, any billing discounts **Plaintiff currently** receives or has received, and the contract start date and length for **Plaintiff's** phone number.

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case. *See also* Plaintiff's response to Interrogatory no. 7.

**Request for Production No. 10: Plaintiff's** internet browsing history relating to the **TCPA** from May 6, 2017 to present (proposed class period).

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case. Subject to the foregoing objections, Plaintiff responds that he did not provide his consent to be called by or his telephone number to Defendant through any website or any other means.

**Request for Production No. 11: Plaintiff's** internet browsing history relating to political candidates or political campaigns during the 2020 election cycle.

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case. Subject to the foregoing objections, Plaintiff responds that he did not provide his consent to be called by or his telephone number to Defendant through any website or any other means.

**Request for Production No. 12: Communications Plaintiff** received from political candidates or political campaigns from May 6, 2017 to present (proposed class period).

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the

needs of the case. Subject to the foregoing objections, Plaintiff responds that he did not provide his consent to be called by or his telephone number to Defendant through any website or any other means.

**Request for Production No. 13: Documents** sufficient to identify all of **Plaintiff's** IP addresses or IP addresses that **Plaintiff** has used to access the internet from May 6, 2017 to present (proposed class period).

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case. Subject to the foregoing objections, Plaintiff responds that he did not provide his consent to be called by or his telephone number to Defendant through any website or any other means.

**Request for Production No. 14: Documents** and **Communications** sufficient to show **Plaintiff's** financial and non-monetary contributions to political candidates, causes, or campaigns from May 6, 2017 to present (proposed class period).

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case. Subject to the foregoing objections, Plaintiff responds that he did not contribute to Defendant, his causes, or his campaigns.

**Request for Production No. 15: Documents** and **Communications** relating to the registration of **Plaintiff's** telephone number at issue (*see* **FAC**, at ¶¶ 42, 46) being on the Do Not Call list.

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the

needs of the case. Subject to the foregoing objections, Plaintiff will produce documents sufficient to evidence the date on which he registered his number on the Do Not Call registry.

**Request for Production No. 16: Documents** and **Communications** reflecting or supporting the allegation that "Brock Pierce [personally] placed pre-recorded calls to consumers' cellular telephone numbers," as alleged in the **FAC**, at ¶ 21.

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 17: Documents** and **Communications** reflecting or supporting the allegation that "Pierce either drafted or had the authority to revise the call scripts," as alleged in the **FAC**, at ¶¶ 27, 38.

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 18: Documents** and **Communications** reflecting or supporting the allegation that "Pierce also determined or had the authority to determine to whom the calls would be made," as alleged in the **FAC**, at ¶¶ 29, 38.

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 19: Documents** and **Communications** reflecting or supporting the allegation that "Pierce either expressly authorized the calls" or "never objected to the making of prerecorded voice calls," as alleged in the **FAC**, at ¶ 31.

6

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 20: Documents** and **Communications** reflecting or supporting the allegation that "Brock Pierce [personally] collected voters lists," as alleged in the **FAC**, at ¶ 36.

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 21: Documents** and **Communications** reflecting or supporting the allegation that **Pierce** "sent out the prerecorded messages to individuals *without first obtaining their prior express consent* to receive prerecorded messages from Pierce," as alleged in the **FAC**, at ¶¶ 39, 40, 45. (emphasis in original).

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 22: Documents** and **Communications** reflecting when **Plaintiff** began using the alleged telephone number at-issue (*see* **FAC**, at ¶¶ 42, 46) and how **Plaintiff** obtained ownership, possession, and/or use of such number.

RESPONSE: Plaintiff objects to this request as overbroad in substantive and temporal scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case. Subject to the foregoing objections, Plaintiff directs Defendant to response to Interrogatory no. 5.

7

**Request for Production No. 23: Documents** and **Communications** reflecting or confirming that **Plaintiff** received a call on October 29, 2020 from phone number 845-447-9504 at 12:37 PM, as alleged in the **FAC**, at ¶ 46.

RESPONSE: Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 24: Documents** and **Communications** reflecting or confirming that the call **Plaintiff** received on October 29, 2020 from phone number 845-447-9504 at 12:37 PM "rang once and then went to Plaintiff's voicemail," as alleged in the **FAC**, at ¶ 47.

RESPONSE: Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 25: Documents** and **Communications** reflecting or evidencing: (a) any "annoyance"; (b) "nuisance"; (c) "invasion of privacy"; (d) how long the purported call/voicemail "consumed his phone line" or "disturbed the use and enjoyment of his phone"' (e) any "wear and tear on [**Plaintiff's**] phone's hardware (including the phone's battery)"; and (f) any "consumption of memory on the [**Plaintiff's**] phone and his voicemail," as alleged in the **FAC**, at ¶ 51.

RESPONSE: Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 26: Documents** and **Communications** reflecting or supporting the allegations that **Pierce** purportedly "approv[ed] the transmission of the prerecorded messages," "[d]etermin[ed] the content of the prerecorded messages,"

[d]etermin[ed] to whom they would be transmitted," or "fund[ed] the transmission of the prerecorded messages with a loan to the campaign," as alleged in the **FAC**, at ¶¶ 57, 62.

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 27: Documents** and **Communications** reflecting or supporting the allegation that **Pierce** purportedly "knew" the at-issue "pre-recorded" call violated the **TCPA**, as alleged in the **FAC**, at ¶ 58.

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 28: Documents** and **Communications** reflecting or supporting the allegation that the Brock Pierce for President, Inc. "campaign was improperly capitalized for an entity engaged in unsolicited robocalling," as alleged in the **FAC**, at ¶ 65(a).

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

**Request for Production No. 29: Documents** and **Communications** reflecting or supporting the allegation that "the campaign's accounts were intermingled with Pierce's" accounts, as alleged in the **FAC**, at ¶ 65(a).

RESPONSE: Discovery is ongoing and the information being sought by this request is within Defendant and/or his agents' control and possession. Subject to the foregoing, Plaintiff will produce all documents in his possession responsive to this request.

9

**Request for Production No. 30: Documents** and **Communications** in Plaintiff's possession, custody, or control containing any of the following terms and dated/sent May 6, 2017 to present—including any derivation thereof based upon differing capitalization, punctuation, or suffix (e.g., "auto-dialer" shall include "autodialer"):

a. "Telephone Consumer Protection Act" or "TCPA";

b. "robo-call" or "robocall";

c. "auto-dial" or "auto dial" or "autodial" or "autodialer" "automatic dialer" or "ATDS";

d. "call center";

e. "artificial" or "pre-record" or "prerecord" or "pre-recorded" or "prerecorded";

f. "do not call";

g. "spoof";

h. "Federal Communications Commission" or "FCC"; or

i. "telemarket" or "tele-market" or "telemarketing."

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case.

**Request for Production No. 31: Documents** and **Communications** sufficient to identify any other action(s) where **Plaintiff** was certified (or sought to be certified) as a class representative.

RESPONSE: Plaintiff directs Defendant to his response to Interrogatory No. 2, which identifies the TCPA cases filed by Plaintiff.  Plaintiff has not been appointed as class representative in any case.

**Request for Production No. 32: Documents** and **Communications** with third parties (excluding **Plaintiff's** lawyers and experts) mentioning or discussing this lawsuit.

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case. Plaintiff also objects to this request to the extent it seeks information protected by the common interest, joint client, or joint plaintiff privileges.

**Request for Production No. 33: Documents** and **Communications** reflecting any agreement, arrangement or understanding with any **Person(s)**, including counsel (whether tentative, conditional or otherwise) concerning payment or division of attorneys' fees, costs, disbursements, compensation, benefit, or reimbursement in any form (whether monetary or nonmonetary), and/or other recovery in connection with this action.

RESPONSE: Plaintiff objects to this request as overbroad in substantive scope, harassing, irrelevant to the claims and defenses in this case, and, accordingly, as not proportional to the needs of the case.

**Request for Production No. 34:** Any settlement, tolling, reimbursement, indemnity, indemnification, joint defense, or common interest agreements involving **Plaintiff** and/or **Plaintiff's** counsel concerning or pertaining to this action, and any agreement or contract under which any **Person** or entity may receive any payment for—or be liable to satisfy, indemnify, or reimburse part or all of—any damages, judgments, losses, fees, or costs recovered, obtained, sought, incurred, or alleged in connection with this action.

RESPONSE: None.

**Request for Production No. 35:** All witness statements, declarations, or affidavits prepared or received in connection with this action.

11

RESPONSE: None.

**Request for Production No. 36: Documents** and **Communications** that **Plaintiff**

intends to rely upon to support his claim that a class should be certified in this action.

RESPONSE: Plaintiff objects to this request as premature.

**Request for Production No. 37: Documents** and **Communications** referenced or used

to respond to **Plaintiff's** responses to interrogatories in this action.

RESPONSE: Plaintiff will produce all documents in his possession responsive to this

request.


DATED this 11th day of April, 2022.     /s/ Jairo Mellado-Villarreal
                                        USDC-PR No. 208112
                                        jmellado@mellado.com

                                        /s/ Héctor Orejuela-Dávila
                                        USDC-PR No. 301111
                                        horejuela@mellado.com

                                        Mellado & Mellado-Villarreal
                                        165 Ponce de Leon Ave., Suite 102
                                        San Juan, PR 00917
                                        Telephone: (787) 767-2600
                                        Facsimile: (787) 767-2645

                                        Stefan Coleman (*pro hac vice*)
                                        law@stefancoleman.com
                                        LAW OFFICES OF STEFAN COLEMAN, P.A.
                                        201 S. Biscayne Blvd, 28th FL
                                        Miami, FL 33131
                                        Telephone: (877) 333-9427
                                        Facsimile: (888) 498-8946

                                        Avi R. Kaufman (*pro hac vice*)
                                        kaufman@kaurmanpa.com
                                        KAUFMAN P.A.
                                        237 South Dixie Highway, 4th Floor
                                        Coral Gables, FL 33133
                                        Telephone: (305) 469-5881

                                        *Attorneys for Plaintiff and the putative Class*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2022, I served the foregoing by email on all counsel of record.

/s/ *Avi R. Kaufman*
Avi R. Kaufman