IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATHAN ROWAN, individually and on behalf of all others similarly situated<br><br>**Plaintiff**<br><br>v.<br><br>BROCK PIERCE<br><br>**Defendant** | CIVIL NO. 20-1648 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Brock Pierce's ("Pierce" or "Defendant") *Motion to Compel Complete Responses to First Set of Discovery* ("*Motion to Compel*"). (Docket No. 61). Plaintiff Nathan Rowan ("Plaintiff" or "Rowan") filed a *Response in Opposition*, reiterating objections to certain discovery requests and notifying the Court of amended responses thereto. (Docket No. 63). Lastly, Defendant filed a *Reply* informing the Court as to which discovery requests were resolved by Plaintiff's amended responses. (Docket No. 70). For the reasons discussed below, Defendant's *Motion to Compel* is **MOOT IN PART, GRANTED IN PART,** and **DENIED IN PART.**

Civil No. 20-1648(RAM)                                                    2

# I. APPLICABLE LAW

## A. The TCPA

In the case at bar, Plaintiff claims Pierce violated the Telephone Consumer Protection Act ("TCPA" or the "Act"), 47 U.S.C. § 227, by sending pre-recorded messages to promote his political campaign to consumers' phone numbers, including Plaintiff's, without their consent. Id. (Docket No. 35 ¶ 40). The TCPA prohibits:

> Mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. § 227(b)(1)(A)(iii). Therefore, "[t]he elements of a TCPA claim are: (1) the defendant used an automatic dialing system or an artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular telephone service or to a service for which the called party is charged for the call." Breda v. Cellco P'ship, 934 F.3d 1, 4 (1st Cir. 2019) (emphasis in original).

**B. The Scope of Discovery**

Fed. R. Civ. P. 26(b)(1) provides that generally, unless limited by a court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

When a party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33 and/or to produce documents as requested under Fed. R. Civ. P. 34, the "party seeking discovery may move for an order compelling an answer." *See* Fed. R. Civ. P. 37(a)(3)(B). "[T]he party seeking discovery over another's objection must first make a showing, as meager as that may be, of relevance. Thereafter, the burden shifts to the opposing party to show why discovery should not be permitted." Diaz-Padilla v. Bristol Myers Squibb Holding Liab. Co., 2005 WL 783076, at *2 (D.P.R. 2005).

## II. DISCUSSION

### A. Moot Discovery Disputes

Per Pierce's *Reply,* several discovery disputes have been resolved since Defendant filed his *Motion to Compel*. (Docket No. 70). Accordingly, the following discovery disputes are **moot:**

- Interrogatory ("ROG") Nos. 1, 6, and 9.
- Request for Production of Document ("RFP") Nos. 4, 5, 15, 16, 17, 18, 19, 20, 21, 25, 26, 27, 28, 29, 32, and 37.

### B. Pending Discovery Disputes

Despite their efforts, the parties were unable to reach an agreement as to Defendant's remaining discovery requests. Each request, and Plaintiff's objection thereto, is addressed below.

1. Prior TCPA claims and related income (ROG Nos. 2-4)

In Interrogatory No. 2, Defendant asked that Plaintiff "[i]dentify any TCPA Claims made (in whole or in part) by Plaintiff in the last 5 years against any Person." (Docket No. 61-2 at 2). In response, Plaintiff only identified the *lawsuits* he filed in the last five years. While he conceded that he made additional TCPA claims, he did not identify the claims that did not result in legal action. Id. Furthermore, he objected to the request claiming it was overbroad and sought unrelated material. Id.

In Interrogatory Nos. 3 and 4, Defendant sought the "amount of income/money" and the "amount of attorneys' fees" Plaintiff and his lawyers have made from lodging TCPA Claims in the past 5 years. (Docket Nos. 61-2 at 2-3; 63-1 at 2). Similarly, Request for Production No. 3 asked Rowan to produce "[d]ocuments and [c]ommunications sufficient to show Plaintiff's income from any TCPA Claims in the last 5 years." (Docket No. 61-3 at 2). Plaintiff objected to these requests, claiming that they are overbroad, purely for purposes of harassment, and sought immaterial and confidential third-party information. (Docket Nos. 61-2 at 2-3; 61-3 at 2; 63-1 at 2). Nevertheless, Plaintiff provided that "he has never received more than his statutory damages on a per TCPA violation basis in connection with the settlement of any TCPA Claim." Id.

Despite Plaintiff's contention to the contrary, these requests are not overbroad or irrelevant. First, they only seek information over a very limited time frame of five years. Additionally, Courts in similar cases have held that, "evidence of a party's prior acts in the course of prior litigation may be admissible if relevant to . . . issues such as motive, state of mind, and credibility." Moser v. Health Ins. Innovations, Inc., 2018 WL 6735710, at *15 (S.D. Cal. 2018) (collecting cases). For example, in Moser, the court ordered the plaintiff to identify

"TCPA lawsuits or claims [he] ha[d] settled or resolved in his favor, along with the amounts of any monetary settlements received and the identities of any parties who paid any settlement amounts" over an eight-year period. Id. at 14, 19. The Court finds that, as in Moser, Plaintiff's previous TCPA claims and any related settlement amounts received are relevant to establish his motive, state of mind, and credibility. Therefore, Plaintiff is **ORDERED** to provide full and complete responses to Interrogatory Nos. 2 and 3 and to Request for Production No. 3. However, the Court **DENIES WITHOUT PREJUDICE** Pierce's request to compel answers to Interrogatory No. 4. Plaintiff has not shown why the amount of attorneys' fees Plaintiff received from past TCPA claims is relevant to the claims at bar.

2. Facts as to required "prior express consent" (ROG No. 8)

In Interrogatory No. 8, Pierce asked Plaintiff to "[e]xplain what facts [he] has that support the allegation/contention that 'prior express consent' was required, as alleged in the [Amended Complaint], at ¶ 21." (Docket No. 63-1 at 2). Specifically, this paragraph of the Amended Complaint alleges that "[i]n order to promote himself for the election, Brock Pierce placed pre-recorded calls to consumers' cellular telephone numbers **without first obtaining their prior express consent**." (Docket No. 35 ¶ 21) (emphasis added). In his answers to the interrogatory, Plaintiff

merely responded that in the Complaint, he did not allege that prior express consent was required, rather he alleged that "he and other consumers were called without prior express consent" and that "[t]his fact is based on Plaintiff's personal knowledge and complaints from other consumers." (Docket No. 63-1 at 2-3). Plaintiff neither objected to nor provided a full response explaining the factual basis of this personal knowledge, specifically with regards to other consumers. What knowledge Plaintiff possesses to establish that he and others were contacted without their consent is relevant Plaintiff's own case, the similarity of class members, and Defendant's affirmative defenses. Plaintiff is thus **ORDERED** to provide full and complete responses to Interrogatory No. 8.

    3. Phone plan information (RFP Nos. 7-9)

Defendant requested that Rowan produce "copies of any subscriber agreements, telephone plans, customer account notes, account or billing statements, invoices, and telephone bills" for both: (a) the phone that purportedly received the call from Pierce's campaign (RFP No. 7); and (b) any phone registered to Plaintiff since May 6, 2017 (RFP No. 8). (Docket No. 61-3 at 3). Additionally, in RFP No. 9, Pierce asked that Plaintiff produce the terms of the mobile plan for the phone that purportedly received the call from the campaign. Plaintiff objects to these

Civil No. 20-1648(RAM)                                                    8

requests because they are overbroad, harassing, irrelevant, and disproportional to the needs of the case. (Docket No. 63-2 at 2-3). However, Rowan asserts that he produced the billing summary for the month when the prerecorded voicemail at issue was received and that he will also produce his plan for that month. Id. Pierce posits that Plaintiff has yet to produce said plan.

The Court disagrees with Plaintiff's contention that the requests are overbroad and constitute harassment. The nature of the plan at issue and for any other phone in Plaintiff's possession is undoubtedly relevant to the controversy at hand and any injury suffered by Plaintiff. The cost and nature of the plan are necessary to quantify any specific monetary injury as well the extent to which the unauthorized telephone call "consumed [Rowan's] phone line, and disturbed the use and enjoyment of his phone" as alleged in the *Amended Complaint*. (Docket No. 35 ¶ 51). The amount and nature of other phones in Plaintiff's possession can be equally relevant. *See e.g.*, Stoops v. Wells Fargo Bank, 197 F.Supp.3d 782 (W.D. Pa. 2016) (finding that a plaintiff had not suffered an injury, and thus lacked standing, because they had "purchased at least thirty-five cell phones and cell phone numbers with prepaid minutes for the purpose of filing lawsuits under the [TCPA]."). Nevertheless, the Court finds that narrowing the scope of RFP No. 7 to the proposed class period (*i.e.*, since May 6, 2017)

as was done for RFP No. 8, is proper. Thus, Plaintiff is **ORDERED** to provide documents in response to Request for Production Nos. 7, 8, and 9 for the period from May 6, 2017 to the present.

   4. Internet browsing history (RFP Nos. 10 and 13)

In Request for Production No. 10, Defendant asked that Plaintiff provide his internet browsing history related to the TCPA from May 6, 2017. (Docket No. 61-2 at 4). Additionally, defendant asks that Plaintiff identify all of his IP address that he has used to access the internet from May 6, 2017 to the present. (RFP No. 13). Although Rowan's raises merely boilerplate objections to these requests, Pierce has not met his nominal burden of establishing the relevance of these requests, especially given their scope and intrusive nature. Therefore, the Court **DENIES WITHOUT PREJUDICE** Pierce's Requests for Production Nos. 10 and 13.

   5. Political communications and contributions (RFP Nos. 11, 12, 14)

Defendant requested evidence that sheds light on Plaintiff's relationship with political campaigns, namely: Plaintiff's internet browsing history relating to political candidates or campaigns during the 2020 election cycle (RFP No. 11); communications Plaintiff received from political candidates or political campaigns from May 6, 2017 to present (the proposed class period) (RFP No. 12); and documents and communications that show

Civil No. 20-1648(RAM)                                          10

Plaintiff's financial and non-monetary contributions to political candidates, causes, or campaigns from May 6, 2017 to the present (RFP No. 14). Pierce posits that this information is relevant because "Plaintiff has filed TCPA cases against two 2020 political candidates and campaigns, … and perhaps made demands against others." (Docket No. 70-2 at 5). Pierce further argues he "should be permitted discovery into whether Plaintiff may have been taking steps to solicit potentially volitive communications from campaigns by engaging with candidates online or offline." Id. at 4-5. Rowan objects to this request as being overbroad, harassing and irrelevant. (61-3 at 4-5). Additionally, he asserts that: (1) he did not provide his consent to be called by Defendant through any website or any other means; and (2) he did not contribute to Defendant, his cause, or his campaigns. Id. The Court concludes that the requested information is relevant to Pierce's potential affirmative defenses as well as Plaintiff's injuries, motive, and credibility. Therefore, Plaintiff is **ORDERED** to provide documents in response to Request for Production Nos. 11, 12, and 14.

    6. E-discovery of key words (RFP No. 30)

Lastly, Defendant's Request for Production No. 30 sought e-discovery of documents and communications in Plaintiff's possession from May 6, 2017 to the present including the following 9 search terms: (1) "Telephone Consumer Protection Act" or "TCPA";

(2) "robo-call" or "robocall"; (3) "auto-dial" or "auto dial" or "autodial" or "autodialer" "automatic dialer" or "ATDS"; (4) "call center"; (5) "artificial" or "prerecord" or "prerecord" or "pre-recorded" or "prerecorded"; (6) "do not call"; (7) "spoof"; (8) "Federal Communications Commission" or "FCC"; and (9) "telemarket" or "tele-market" or "telemarketing." (Docket No. 61-3 at 10). Despite objecting to the request for being overbroad, harassing, and irrelevant, Plaintiff countered that he would be willing to search for any documents containing the aforementioned search terms and Defendant's name (i.e., "Brock" or "Pierce"). (Docket No. 63 at 9-10). Rowan argues that Defendant should not be entitled to *every* document in Plaintiff's possession that may contain one of those words. Id. at 10. The Court agrees that documents could contain the terms "artificial" or "spoof" without being relevant to the case at bar. Accordingly, the Court **GRANTS** Defendant's request to compel e-discovery as amended. Plaintiff is hereby **ORDERED** to produce all documents and communications in Plaintiff's possession, custody, or control from May 6, 2017, to the present containing the words "Brock" and/or "Pierce" and the following key words: (1) "Telephone Consumer Protection Act" or "TCPA"; (2) "robo-call" or "robocall"; (3) "auto-dial" or "auto dial" or "autodial" or "autodialer" "automatic dialer" or "ATDS"; (4) "call center"; (5) "artificial" or "prerecord" or "prerecord" or "pre-

recorded" or "prerecorded"; (6) "do not call"; (7) "spoof"; (8) "Federal Communications Commission" or "FCC"; and (9) "telemarket" or "tele-market" or "telemarketing." Plaintiff is also **ORDERED** to produce any additional relevant documents that contain *solely* the aforementioned key words that it has not already produced.

### III. CONCLUSION

Defendant's *Motion to Compel* at Docket No. 61 is hereby **GRANTED IN PART, DENIED IN PART,** and **MOOT IN PART** as outlined above. Plaintiff is thus hereby ordered to provide full and complete responses to Interrogatory Nos. 2, 3, 8 and produce documents in response to Requests for Production Nos. 7, 8, 9, 11, 12, 14, and 30 in accordance with any amendments made by the Court herein.

Plaintiff **SHALL** supplement discovery as outlined above on or before **November 16, 2022.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of October 2022.

                                        s/Raúl M. Arias-Marxuach
                                        UNITED STATES DISTRICT JUDGE